# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1342V

|  |  |
|---|---|
| DEBBIE H. SAVAGE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 21, 2025 |

*Richard William Zahn, Jr.*, Joel Bieber Firm, Richmond, VA, for Petitioner.

*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON JOINT STIPULATION[1]

On September 21, 2022, Debbie H. Savage filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving an influenza ("flu") vaccine. Petition at 1. Petitioner further alleges that she developed an infection and septic arthritis as sequela of the alleged injury, received the vaccine within the United States, that she suffered the residual effects of the SIRVA for more than six months, and that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition, alleged as vaccine caused. *Id.* "Respondent denies that [P]etitioner sustained the onset of a SIRVA Table injury within the time period set forth in

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the Table; and denies that the vaccine caused [P]etitioner's alleged injuries or any other injury or [P]etitioner's current disabilities." Stipulation ¶ 6, ECF No. 36.

Nevertheless, on January 21, 2025, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

- **A. A lump sum of $85,011.70 in the form of a check payable to Petitioner, and**

- **B. A lump sum of $4,186.89, representing reimbursement of a Medicaid lien for services rendered to Petitioner by the Commonwealth of Virginia, in the form of a check payable jointly to Petitioner and the Treasurer of Virginia and mailed to:**

    **Office of the Attorney General
    Financial Recovery Section
    Attn: Valerie Hill
    P.O. Box 610
    Richmond, VA 23218
    OAG File Number: 202201345**

**Petitioner agrees to endorse this check to the Treasurer of Virginia.**

Stipulation ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DEBBIE H. SAVAGE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 22-1342V <br> Chief Special Master Corcoran <br> SPU |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Debbie H. Savage, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the Influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the vaccine on or about October 23, 2020.

3. The vaccine was administered within the United States.

4. The petition alleges that petitioner sustained the first symptom or manifestation of the onset of a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Table, within the time period set forth in the Table, and further alleges that petitioner developed an infection and septic arthritis as sequela of the alleged Table injury and experienced residual effects of the alleged injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

1

for damages arising out of the alleged vaccine injury.

6. Respondent denies that petitioner sustained the onset of a SIRVA Table injury within the time period set forth in the Table; and denies that the vaccine caused petitioner's alleged injuries or any other injury or petitioner's current disabilities.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

   A. A lump sum of **$85,011.70** in the form of a check payable to petitioner, and

   B. A lump sum of **$4,186.89**,[1] representing reimbursement of a Medicaid lien for services rendered to petitioner by the Commonwealth of Virginia, in the form of a check payable jointly to petitioner and the Treasurer of Virginia and mailed to:

   > Office of the Attorney General
   > Financial Recovery Section
   > Attn : Valerie Hill
   > P.O. Box 610
   > Richmond VA, 23218
   > OAG File Number: 202201345

   Petitioner agrees to endorse this check to the Treasurer of Virginia.

These amounts represent compensation for all damages that would be available under 42

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Virginia may have against any individual as a result of any Medicaid payments the Virginia Program has made to or on behalf of Debbie H. Savage as a result of her alleged vaccine-related injury suffered on or about October 23, 2020, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

2

U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in any proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis, and represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g).

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in

petitioner's individual capacity, and on behalf of petitioner's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccination as alleged by petitioner in a petition for vaccine compensation filed on or about June 21, 2022, in the United States Court of Federal Claims as petition No. 22-1342.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine caused petitioner's alleged injury or any other injury or petitioner's current condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*/s/ Debbie H. Savage*
DEBBIE H. SAVAGE

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Richard W. Zahn, Jr.* VSB# 35975
RICHARD W. ZAHN, JR.
The Joel Bieber Firm
6806 Paragon Place, Suite 100
Richmond, VA 23230
(804) 358-2200
rzahn@joelbieber.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2024.12.10 10:32:51 -05'00'
for
CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Debra A. Filteau Begley*
DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4181
Email: debra.begley@usdoj.gov

Dated: January 21, 2025 DAFB

6